UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EUNICE MARSHALL,

    Petitioner,

Civil Case No. 22-11776
Honorable Linda V. Parker

v.

NOAH NAGY,[1]

    Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Pro se Petitioner Calvin E. Marshall, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is not challenging his criminal convictions or sentence, but is rather seeking emergency release from prison due to the COVID-19 pandemic. He has exhausted his claim for relief through the state courts.

---

[1] The caption is amended to reflect the proper respondent in this case, who is the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of the State's response. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4 of the Rules Governing § 2254 Cases, the Court finds that Petitioner is not entitled to habeas relief. Accordingly, the Court will dismiss his habeas petition without prejudice. The Court will deny Petitioner a certificate of appealability but will grant leave to proceed *in forma pauperis* on appeal. An explanation follows.

## Background

In 2011, Petitioner was convicted by plea in the Wayne County Circuit Court of six counts of assault with intent to commit murder, Mich. Comp. Laws §

750.83, and sentenced to prison for a term of fourteen years and three months to twenty-three years, nine months. *See Marshall v. Winn*, No. 2:16-CV-12016, 2016 WL 6441286, at *1, *3 (E.D. Mich. Oct. 31, 2016) (Hood, J.); *see also Marshall v. Napel*, No. 16-2723, 2017 WL 6398016, at *2 (6th Cir. July 14, 2017) (denying certificate of appealability). Following unsuccessful appeals in the state courts, Petitioner challenged his convictions and sentence through a habeas petition brought pursuant to 28 U.S.C. § 2254. *Marshall*, 2016 WL 6441286. The petition was denied. *Id.* at *9.

On June 10, 2022, Petitioner filed another application for a writ of habeas corpus, which was not received by the Court until August 2, 2022. (*See* ECF No. 1 at Pg ID 18.) The petition, also brought pursuant to section 2254, raises one claim for relief: "The trial court abused its discretion when it denied Defendant's motion for emergency release . . . ." (ECF No. 1 at Pg ID 5.) In support, Petitioner states "COVID-19 is a respiratory disease that cause[s] death, also irreparable injury (long COVID)[, and] brain fog. Petitioner was sentenced to 14 y[ea]rs, 3 months, not physical harm or death. It is impossible to social distance in prison as Attorney General Barr has explained." (ECF No. 1 at Pg ID 5.) Petitioner cites a Michigan case, *People v. Barber*, 505 Mich. 1058 (2020), which found that a state trial court "abused its discretion in its consideration of the existing statutory factors along with the public health factors arising out of the present state of emergency" when it

denied a defendant's emergency motion for bond pending appeal due to the COVID-19 pandemic and the defendant's own health conditions. *Id.*

Petitioner does not expressly identify the form of relief he seeks. (*See* ECF No. 1 at Pg ID 14 (relief requested section left blank).) However, the motion he filed in the state trial court was "for emergency release." (*Id.* at Pg ID 5.) Construing the *pro se* petition liberally, as it must, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court concludes Petitioner is seeking release from incarceration.

## Discussion

First, Petitioner's application for habeas relief is not cognizable under section 2254. Instead, 28 U.S.C. § 2241 governs a habeas petition when its claims involve "alleged unconstitutional conditions of . . . confinement [which] can be remedied only by release[.]" *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). Conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable under § 2241, but are more properly brought as a civil rights claim pursuant to 42 U.S.C. § 1983. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin*, 391 F.3d at 714).

A state prisoner must exhaust available state court remedies before seeking relief in federal court under § 2241. *Smith v. Jackson*, No. 20-2264, 2021 WL

4

2555478, at *2 (6th Cir. June 3, 2021) (citing *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020)); *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012).  Petitioner has met the exhaustion requirement.  He first filed a motion for emergency release pursuant to Michigan Court Rule 6.501, *et seq*., in the trial court.  (ECF No. 1 at Pg ID 6.)  After the trial court denied the motion, he sought leave to appeal the decision in the Michigan Court of Appeals and the Michigan Supreme Court.  Both denied leave.  *See People v. Marshall*, Docket No. 359455 (Mich. App. Jan. 13, 2022); *People v. Marshall*, 971 N.W.2d 645, 646 (Mich. 2022).

In order to demonstrate he is entitled to federal habeas relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a).  In the context of his COVID claim, Petitioner must establish he is being held in "unconstitutional conditions." *Wilson*, 961 F.3d at 837.  Petitioner has not demonstrated his entitlement to habeas relief on these grounds.  Besides noting that social distancing is impossible in the prison setting, Petitioner provides no factual support for his request; that is, he cites no specifics regarding how the Michigan Department of Corrections—specifically the Cotton Correctional Facility—is responding inappropriately to the pandemic.  Petitioner does not report he ever tested positive for COVID, nor does he indicate

5

his current health status places him at an increased risk if he were to contract the virus.

The Court notes that MDOC's efforts to control the COVID-19 pandemic are ongoing. *See* Director's Office Memorandum 2022 – 21R14, https://perma.cc/C2J7-K6LP (last accessed Nov. 7, 2022). MDOC is using several mitigation methods for the virus beyond social distancing, including masking, vaccines, isolation of individuals who have contracted the virus, and health screening of staff and visitors, among others. *See id.* Further, courts in this district and in the Western District of Michigan note that MDOC "has taken extensive measures to limit the threat posed by COVID-19" and "to address the risk of COVID-19 to inmates statewide." *See*, *e.g.*, *Jones v. Whitmer*, No. 22-11516, 2022 WL 3335796, at *2 (E.D. Mich. Aug. 12, 2022) (Michelson, J.) (citing *Hill v. Whitmer*, 471 F. Supp. 3d 803, 808 (W.D. Mich. 2020)).

In addition, the Sixth Circuit and other courts have determined the wide availability of COVID vaccines "has ameliorated the risk of severe health outcomes." *United States v. Reese*, No. 16-20697, 2022 WL 737501, at *1 (E.D. Mich. Mar. 10, 2022) (Steeh, J.) (citing *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021)). The court in *Lemons* observed that "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." 15 F.4th at 751.

The court acknowledged that prisoners "face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes)." *Id.* However, it found the risks of COVID-19 to have been "significantly reduce[d]" by the vaccine. *Id.*

Petitioner's sole argument in support of his petition, that "social distancing is impossible," fails to establish that he is in custody under constitutional conditions which can only be remedied by release. *Wilson*, 961 F.3d at 837. The petition is without merit and will be summarily dismissed.

However, the dismissal will be without prejudice. Claims which challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The proper course for a district court after it determines that the substance of a state prisoner's pro se habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin*, 391 F.3d at 714 (6th Cir. 2004) (holding the district court should have dismissed the habeas petitioner's section 2241 habeas petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a section 1983 action).

While it is not evident from Petitioner's bare bones pleading, it is possible that he has a civil rights claim pursuant to section 1983 challenging how COVID is being handled in his facility. The most recent testing report posted by MDOC indicates that Cotton Correctional Facility has the second highest number of positive COVID cases in the MDOC system. *See* MDOC Response and Information on COVID-19, https://perma.cc/25EC-GGXP (last accessed Nov. 7, 2022). Accordingly, the dismissal will be without prejudice to Petitioner filing a civil rights complaint challenging the conditions of his confinement.

## Conclusion

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A federal district court must decide whether to issue a certificate of appealability when it issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate such a denial, a petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

For the reasons stated in this opinion, the Court is denying Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Reasonable jurists would not find it debatable whether Petitioner has demonstrated the conditions of his confinement are unconstitutional and that he is entitled to release. However, because an appeal could be made in good faith, the Court will grant Petitioner leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *see also Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, and leave to proceed *in forma pauperis* on appeal is **GRANTED.**

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 6, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 6, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager